UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

E.F.A., et al.,

Plaintiffs,

-against-

NEW YORK CITY DEPARTMENT OF
EDUCATION,

Defendant.

24-CV-1628 (JAV) (RFT)

**REPORT & RECOMMENDATION**

**TO THE HONORABLE JEANNETTE A. VARGAS, UNITED STATES DISTRICT JUDGE:**

Pending before the Court is a motion for summary judgment (ECF 31) by E.F.A. on behalf of herself and her minor child, I.A., pursuant to the fee-shifting provisions of the Individuals with Disabilities Education Act ("IDEA"), seeking $42,229.50 in attorneys' fees and costs for work performed by the law firms Sacco & Fillas, LLP and the Law Offices of Adam Dayan PLLC (the "Dayan Firm") in connection with an administrative proceeding and this action, plus post-judgment interest. Defendant New York City Department of Education opposes the motion, arguing that (1) the IDEA's fee cap should apply, (2) the hourly rates billed by Plaintiffs' counsel are unreasonable, and (3) counsel's time records reflect excessive billing. (*See generally* ECF 39, Defendant's Memorandum of Law in Opposition ("Def.'s Opp.").) For the reasons set forth below, I respectfully recommend that the motion for summary judgment should be GRANTED IN PART, in that Plaintiffs should be awarded reasonable attorneys' fees of $23,699.70, consisting of $16,298.33 for fees in the administrative action and $7,401.38 for fees and costs in this action, plus $405 in costs, plus post-judgment interest, and otherwise DENIED IN PART.

**FACTUAL BACKGROUND**

"On a motion for summary judgment, the court considers all relevant, admissible evidence submitted by the parties and contained in pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits." *Zachman v. Hudson Valley Fed. Credit Union*, 49 F.4th 95, 101 (2d Cir. 2022).[1]

I.A. is a child with a disability as defined by the IDEA, 20 U.S.C. § 1401(3). (*See* ECF 37-1, Pls.' Statement of Material Facts Not in Dispute ("Pls.' SUMF") ¶ 1; ECF 44, Def.'s Response to Plaintiffs' Statement of Material Facts ("Def.'s CSUMF") ¶ 1.) On September 22, 2023, the Dayan Firm submitted an initial due process complaint ("Initial DPC") to Defendant's Impartial Hearing Office, alleging that Defendant had failed to provide I.A. with a free appropriate public education ("FAPE"). (*See* ECF 37-1, Pls.' SUMF ¶ 5; ECF 44, Def.'s CSUMF ¶ 5; ECF 32-2, Initial DPC at 1.)[2] The Initial DPC requested, among other relief, (1) determinations that (a) Defendant failed to provide I.A. with a FAPE for the 2023-2024 school year, (b) Manhattan Children's Center, a private school for children with special education needs, was reasonably calculated to provide educational benefit to meet I.A.'s needs, and (c) E.F.A. had cooperated throughout the special education process, and that an award of tuition fees for Manhattan Children's Center for the 2023-2024 school year to Plaintiffs was not barred; and (2) orders that (a) Defendant reimburse Plaintiffs for any amounts paid to Manhattan Children's Center, including any tuition

---

[1]    Unless otherwise indicated, this report and recommendation omits internal quotation marks, citations, and alterations from quoted text.

[2]    Plaintiffs' statement in their memorandum supporting their motion for summary judgment that they initiated due process proceedings on September 23, 2023 (*see* ECF 36, Pls.' SJ Mem. at 3) appears to be a typographical error: the September 22, 2023 date is reflected on the Initial DPC itself (ECF 32-2) and in the Initial Hearing Officer's Findings of Fact and Decision.

and related costs or fees for the 2023-2024 school year, (b) Defendant reimburse Plaintiffs for the cost of a neuropsychological evaluation to assess I.A.'s disabilities, (c) Defendant provide I.A. with no fewer than 20 hours per week of afterschool applied behavioral analysis instruction, (d) I.A. is entitled to a 12-month school year, and (e) Defendant provide I.A. appropriate transportation to and from Manhattan Children's Center, or alternatively, provide reimbursement or funding for private transportation. (*See* ECF 37-1, Pls.' SUMF ¶ 8; ECF 44, Def.'s CSUMF ¶ 8; ECF 32-2, Initial DPC at 13-14.)

The Initial Hearing Officer ("IHO") held a settlement and pre-hearing conference on October 30, 2023; a status conference on November 17, 2023; and a due process hearing ("DPH") on December 4, 2023. (*See* ECF 37-1, Pls.' SUMF ¶¶ 10-12; ECF 44, Def.'s CSUMF ¶¶ 10-12; ECF 37-2, Amended IHO Findings of Fact and Decision ("Am. FOFD") at 3-4.) At the DPH, Plaintiffs submitted thirty-eight exhibits and presented four witnesses. (*See* ECF 37-2, Am. FOFD at 4.) All Plaintiffs' exhibits were admitted, some over Defendant's objections. (*See id.*) Defendant submitted seven exhibits, all of which were admitted, some over Plaintiffs' objections. (*See id.*)

The IHO issued a FOFD on December 8, 2023 and an amended FOFD on December 11, 2023; the amended FOFD concluded that Defendant had denied I.A. a FAPE and that private school was appropriate for I.A. (*See id.* at 13-14.) The IHO ordered relief, including (1) that Defendant reimburse E.F.A. for private school for the 2023-2024 school year, and that Defendant directly fund I.A.'s private school education for that school year; (2) that Defendant reimburse E.F.A. for I.A.'s private psychological evaluation; (3) that I.A. is entitled to special transportation back and forth between the private school and home; and (4) that Defendant

pay for 20 hours per week of at-home applied behavioral analysis therapy. (*See id.* at 31.) The

IHO also ordered Defendant to authorize all services stated in the order within 15 days. (*See id.*)

On October 24, 2024, Defendant made a settlement offer to Plaintiffs of $17,500, which

Plaintiffs declined to accept. (*See* ECF 39, Def.'s Opp. at 2; ECF 38, Declaration of Shira J. Biegacz

("First Biegacz Decl.") ¶ 29; ECF 36, Memorandum of Law in Support of Mot. for Summary

Judgment ("Pls.' SJ. Mem.") at 5.)

### **PROCEDURAL HISTORY**

On March 4, 2024, Plaintiffs commenced this action and are seeking $42,229.50 in fees,

costs, and expenses, consisting of $23,049.50 for the administrative proceeding and $19,180.00

for this action, plus post-judgment interest. (*See* ECF 36, Pls.' SJ. Mem. at 1-2, 15; ECF 33-8, First

Sacco & Fillas Invoice at 2; ECF 49-1, Dayan Firm Invoice at 28; ECF 50-1, Second Sacco & Fillas

Invoice at 2.)[3]

On December 9, 2024, Plaintiff filed a motion for summary judgment. (*See* ECF 31, Not.

of Mot.) That motion was fully briefed as of January 30, 2025. (*See* ECF 36, Pls.' SJ. Mem.; ECF

32, Declaration of Dominic T. Buchmiller ("Buchmiller Decl."); ECF 33, Declaration of Adam

---

[3]    I calculate the requested total fees from both the administrative proceeding and federal action charts as $41,304.50: I multiplied the timekeepers' requested hourly rates by the hours billed in the Dayan Firm invoice and the Sacco & Fillas invoices. This calculation is less than the $42,229.50 total requested in Plaintiffs' summary judgment filings. (*See* ECF 36, Pls.' SJ. Mem. at 1-2, 15; ECF 33-8, First Sacco & Fillas Invoice at 2; ECF 49-1, Dayan Firm Invoice at 28; ECF 50-1, Second Sacco & Fillas Invoice at 2.) The difference between my calculation and Plaintiffs' request results from my exclusion of two one-time expenses totaling $905 (discussed in Part II.B.3. below); my use of Plaintiff's requested $325 per hour rate for the hours Buchmiller billed in the federal action, even though Buchmiller billed $400 for work in this action (resulting in the exclusion of $22.50); and my adjustment a 0.1 hour overcounting in Rosner's hours billed at $125 per hour and a corresponding undercounting in Rosner's hours billed at $150 per hour (resulting in the addition of $2.50).

Dayan ("Dayan Decl."); ECF 35, Declaration of Joseph Fein ("Fein Decl."); ECF 37, Second

Declaration of Shira J. Biegacz; ECF 37-1, Pls.' SUMF; ECF 38, First Biegacz Decl.; ECF 39, Def.'s

Opp.; ECF 40, Declaration of Lauren Howland; ECF 41, Declaration of Martha Nimmer; ECF 42,

Declaration of Jeffrey M. Cassuto; ECF 43, Declaration of Emily Goldman; ECF 44, Def.'s CSUMF;

ECF 47, Pls.' Reply Mem.; ECF 49, Reply Affirmation of Adam Dayan; ECF 50, Reply Affirmation of

Shira J. Biegacz.)

By Order of Reference dated March 7, 2024, this case was referred to a magistrate judge

for general pretrial supervision and dispositive motions. (*See* ECF 7, Order of Ref.) On March 8,

2024, the reference was reassigned to me. On December 17, 2024, this case was reassigned to

Your Honor. On February 10, 2025, I ordered Plaintiffs to inform the Court whether this case

raised similar issues as the tandem appeals *Y.G. v. New York City Department of Education*,

which were then-pending in the Second Circuit. (ECF 52, Order.) On February 18, 2025, Plaintiffs

filed a letter stating their belief that this case raised issues similar to *Y.G.* and that a stay was

warranted in this case. (ECF 54, Letter.) Accordingly, on February 19, 2025, I stayed this case

until after the Second Circuit's decision in *Y.G.* (ECF 55, Order.) On July 24, 2025, the Second

Circuit issued a summary order in *Y.G. v. N.Y.C. Dep't of Educ.,* No. 22-1184, 2025 WL 2080218

(2d Cir. July 24, 2025). On July 30, 2025, I lifted the stay in this case. (ECF 57, Order.) On August

8, 2025, I reinstated the stay in this case after the appellant in *Y.G.* filed a petition seeking

rehearing en banc. (ECF 58, Order.) On October 14, 2025, the parties informed the Court that

the Second Circuit had declined a rehearing in *Y.G.*, and on the same day I lifted the stay in this

case. (ECF 59, Letter; ECF 60, Order.)

<u>**DISCUSSION**</u>

**I.      Legal Standards**

      A.      <u>Summary Judgment</u>

"Summary judgment is appropriate where the evidence, viewed in the light most favorable to the non-moving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Karnauskas v. Columbia Sussex Corp.*, No. 09-CV-7104 (GBD), 2012 WL 234377, at *2 (S.D.N.Y. Jan. 24, 2012) (quoting Fed. R. Civ. P. 56(c)); *see Vacold, LLC v. Cerami*, 545 F.3d 114, 121 (2d Cir. 2008) ("Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law."). The moving party bears the initial burden of demonstrating that there is no genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "A fact is material only where it will affect the outcome of the suit under governing law." *Karnauskas,* 2012 WL 234377, at *2 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "For there to be a genuine issue about the fact, the evidence must be such that a reasonable jury could return a verdict for the nonmoving party." *Karnauskas*, 2012 WL 234377, at *2 (quoting *Liberty Lobby*, 477 U.S. at 248).

In deciding whether there is any genuine issue of material fact, the Court draws all inferences in favor of the non-moving party. *See Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc.*, 391 F.3d 77, 83 (2d Cir. 2004) ("[I]n assessing the record to determine whether there is a genuine issue as to a material fact, the court is required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought."). Declarations in support of or in opposition to summary judgment "must be based on

6

personal knowledge, must set forth such facts as would be admissible in evidence, and must show that the affiant is competent to testify to the matters stated therein." *R.P. v. N.Y.C. Dep't of Educ.*, No. 21-CV-4054 (JMF), 2022 WL 1239860, at *2 (S.D.N.Y. Apr. 27, 2022) (quoting *Patterson v. County of Oneida*, 375 F.3d 206, 219 (2d Cir. 2004)). In the absence of evidence in the record "from which a reasonable inference could be drawn in favor of the non-moving party on a material issue of fact," summary judgment is appropriate. *See Catlin v. Sobol*, 93 F.3d 1112, 1116 (2d Cir. 1996).

B.    <u>IDEA Fee Awards</u>

Congress enacted the IDEA "to ensure that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs." 20 U.S.C. § 1400(d)(1)(A). The IDEA therefore provides children with disabilities and their parents the right to seek relief from the relevant local educational agency at an "[i]mpartial due process hearing." *Id.* § 1415(f). At that hearing, these children and parents can bring a claim that the state educational agency failed to provide the child "a free appropriate public education." *See id.* § 1400(d)(1)(A); *H.W. v. N.Y.C. Dep't of Educ.*, No. 21-CV-10591 (RA), 2022 WL 541347, at *1 (S.D.N.Y. Feb. 23, 2022), *aff'd sub nom. H.C. v. N.Y.C. Dep't of Educ.*, 71 F.4th 120 (2d Cir. 2023).

Under the IDEA, "the court, in its discretion, may award reasonable attorneys' fees . . . to a prevailing party who is the parent of a child with a disability" for any action brought pursuant to the statute. 20 U.S.C. § 1415(i)(3)(B)(i)(I). The award of fees and costs "may cover work performed in connection with the hearing, before the district court, and on appeal from the district court." *R.P.*, 2022 WL 1239860, at *2.

7

The IDEA's fee-shifting provision requires courts to "undertake a two-pronged inquiry" when considering a claim for attorneys' fees. *A.B. v. N.Y.C. Dep't of Educ.*, No. 20-CV-3129 (SDA), 2021 WL 951928, at *2 (S.D.N.Y. Mar. 13, 2021); *see M.D. v. N.Y.C. Dep't of Educ.*, No. 17-CV-2417 (JMF), 2018 WL 4386086, at *2 (S.D.N.Y. Sept. 14, 2018). First, the court "must . . . determine whether the party seeking the award is in fact a prevailing party." *A.B.*, 2021 WL 951928, at *2 (quoting *Mr. L. v. Sloan*, 449 F.3d 405, 407 (2d Cir. 2006)). Second, if the court finds the party to have been a prevailing party, "the court must then determine whether, under the appropriate standard, that party should be awarded attorney's fees." *A.B.,* 2021 WL 951928, at *2 (quoting *Sloan*, 449 F.3d at 407). A parent seeking fees under the IDEA "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

    1.   Prevailing Party

To be considered a prevailing party under the IDEA, a plaintiff must achieve a judicially sanctioned "material alteration of the legal relationship of the parties." *O'Shea v. Bd. of Educ.*, 521 F. Supp. 2d 284, 289 (S.D.N.Y. 2007) (quoting *Roberson v. Giuliani*, 346 F.3d 75, 79-80 (2d Cir. 2003)). "The prevailing party standard has been interpreted generously by the Supreme Court and the Second Circuit in terms of the degree of relief required." *B.W. ex rel. K.S. v. N.Y.C. Dep't of Educ.*, 716 F. Supp. 2d 336, 345 (S.D.N.Y. 2010)). "A parent who receives . . . an [equitable] award pursuant to an administrative proceeding, such as a hearing in front of an Independent Hearing Officer . . . is considered a prevailing party under the IDEA and is entitled to reasonable attorneys' fees and litigation costs." *Streck v. Bd. of Educ.*, 408 F. App'x 411, 415 (2d Cir. 2010) (quoting 20 U.S.C. § 1415(i)(3)(B)). Notably, a prevailing party does not need to prevail on every

issue but must "succeed on any significant issue on litigation which achieves some of the benefit the parties sought in bringing the suit." *R.R. v. N.Y.C. Dep't of Educ.*, No. 23-CV-4494 (VEC) (RFT), 2024 WL 6046877, at *4 (S.D.N.Y. June 3, 2024), *report and recommendation adopted*, 2025 WL 3516102 (S.D.N.Y. Dec. 8, 2025).

### 2.  Award of Attorney Fees

If a plaintiff is determined to be a prevailing party, the court considers whether an award of attorneys' fees is appropriate and if so, in what amount. The IDEA provides that the fees awarded "shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." 20 U.S.C. § 1415(i)(3)(C). "To calculate reasonable attorneys' fees under the IDEA, courts apply the lodestar method." *H.C.*, 71 F.4th at 126. "Under the lodestar method, a fee award is derived by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Id.*; *see also H.W.*, 2022 WL 541347, at *2. It is under this method that a court calculates a presumptively reasonable fee. *See E.F. ex rel. N.R. v. N.Y.C. Dep't of Educ.*, No. 11-CV-5243 (GBD) (FM), 2014 WL 1092847, at *2 (S.D.N.Y. Mar. 17, 2014); *see also Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 189-90 (2d Cir. 2008); *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166-67 (2d Cir. 2011).

The lodestar method is a two-step inquiry. *See H.C.*, 71 F.4th at 126. First, a court determines if "the number of hours [claimed by the plaintiff were] reasonably expended . . . [and] may exclude hours that are excessive, redundant, or otherwise unnecessary." *Id.* Second, a court determines the "reasonable hourly rate [which] is the rate a paying client would be willing to pay." *Id.* When determining a reasonable hourly rate, courts consider the factors set forth in

9

*Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). *See Lilly v. City of New York*, 934 F.3d 222, 229-30 (2d Cir. 2019); *Arbor Hill*, 522 F.3d at 186-88; *C.D. v. Minisink Valley Cent. Sch. Dist.*, No. 17-CV-7632 (PAE), 2018 WL 3769972, at *4 (S.D.N.Y. Aug. 9, 2018). These factors include:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Arbor Hill*, 522 F.3d at 186 n.3 (citing *Johnson*, 488 F.2d at 717-19). "A district court need not recite and make separate findings as to all twelve *Johnson* factors, provided that it takes each into account in setting the attorneys' fee award." *E.F.*, 2014 WL 1092847, at *3.

"[T]he civil rights fee-shifting statutes contemplate that the fee should both be sufficient to account both for the income reasonable counsel would forego at the time by handling the matter (hence, sensitivity to historical rates) and also the current rates to account for the delay in payment from when the services were rendered." *M.H. v. N.Y.C. Dep't of Educ.*, No. 20-CV-1923 (LJL), 2021 WL 4804031, at *15 (S.D.N.Y. Oct. 13, 2021), *aff'd sub nom. H.C. v. N.Y.C. Dep't of Educ.*, 71 F.4th 120 (2d Cir. 2023). Thus, in assessing a reasonable hourly rate, courts may look to "reasonable current rates for attorneys of comparable skill, experience, and reputation, and not just the historical rates at the time the services were performed." *Id.*

To determine the number of hours counsel reasonably spent on the litigation, courts consider "not whether hindsight vindicates an attorney's time expenditures, but whether, at the time the work was performed, a reasonable attorney would have engaged in similar time

10

expenditures." *O.R. v. N.Y.C. Dep't of Educ.*, 340 F. Supp. 3d 357, 367 (S.D.N.Y. 2018). The hours reasonably expended should not include hours that are excessive or redundant. *See Hensley*, 461 U.S. at 434.

**II.    Analysis**

A.    <u>Plaintiff Is a Prevailing Party</u>

Defendant does not dispute that Plaintiff was a prevailing party in the administrative proceedings. (*See* ECF 39, Def.'s Opp. at 4.)

B.    <u>Attorneys' Fees & Costs</u>

Plaintiffs seek $42,229.50, consisting of $23,049.50 for the administrative proceeding and $19,180.00 for this action, plus post-judgment interest. (*See* ECF 36, Pls.' SJ. Mem. at 15; ECF 33-8, First Sacco & Fillas Invoice at 2; ECF 49-1, Dayan Firm Invoice at 28; ECF 50-1, Second Sacco & Fillas Invoice at 2.) Defendant responds that Plaintiffs should be awarded no more than $10,777.50 for the administrative proceeding and $1,694.50 for this action, if the Court concludes that any fees should be recovered for this action. (*See* ECF 39, Def.'s Opp. at 2.) For the reasons set forth below, I respectfully recommend that Your Honor should award $23,699.70 to Plaintiffs, consisting of $16,298.33 in attorneys' fees and costs for the administrative proceeding and $7,401.38 for this matter, plus post-judgment interest.

1.    Hourly Rate

In determining a reasonable hourly rate, I consider all the *Johnson* factors and specifically refer to those most relevant in this case. The Second Circuit has held that, while a court is permitted to consider hourly rates awarded in similar cases, it should also evaluate the

"evidence proffered by the parties," *Farbotko v. Clinton County*, 433 F.3d 204, 209 (2d Cir. 2005), including the hourly rates for each timekeeper.

Plaintiffs argue that this matter is unique and novel, because I.A. turned five years old during the administrative proceeding, meaning that I.A. required both a pre-school and school-age FAPE evaluation. (*See* ECF 33, Dayan Decl. ¶ 37.) Plaintiffs cite no other evidence suggesting that this case was particularly complicated; nor have Plaintiffs taken the position that this case involved time constraints, or was undesirable, or that counsel's work on this case prevented them from taking on other more lucrative cases. Defendant responds that the case did not involve complex or novel issues, pointing out that the DPH lasted only two-and-a-half hours, and concluding that the hourly rates sought by Plaintiffs are excessive in light of the work required. (*See* ECF 39, Def.'s Opp. at 6-7.)

### a. Johnson *Factors*

There are *Johnson* factors that counsel in both directions for the fee award. Most significantly, the outcome in the administrative proceeding supports the requested fee: Plaintiffs' counsel achieved Plaintiffs' desired result and obtained all the relief for I.A. sought by E.F.A. "[T]he degree of success obtained by plaintiff's counsel is the most critical factor in determining the reasonableness of a fee award." *H.W.*, 2022 WL 541347, at *3. However, this single factor "does not outweigh the rest, which support a reduction in the fee rate sought." *Id.*

There do not appear to have been significant time limitations for this matter, nor have Plaintiffs demonstrated the undesirability of this case by showing that counsel forewent more lucrative work to take on Plaintiffs' case. There is no indication that Plaintiffs had any prior relationship with counsel, nor were the financial stakes "unusually high." *See O.R.*, 340 F. Supp.

3d at 364-66 (reducing the plaintiff's counsel's requested hourly rate where the underlying administrative proceeding "involved one due process claim," consisted of "six hearing dates from July 2016 to March 2017," "only two [hearings] involved live witness testimony," "the total hearing time was less than five hours," and the plaintiff did not demonstrate that the proceeding "involved novel or difficult questions or unusual skill"). Defendant did not appeal the findings of the IHO and did not present any witnesses at the DPH. (*See* ECF 37-2, Am. FOFD at 2, 4; ECF 1, Compl. ¶ 13.) And while the case involved a student who transitioned from pre-school to elementary school during the FAPE process, which required counsel to coordinate and review two Individualized Education Plans, one with Defendant's Committee on Preschool Special Education and another with Defendant's Committee on Special Education (*see* ECF 32, Buchmiller Decl. ¶¶ 15-18, 22), Plaintiffs have not explained why this distinction complicated the case (as opposed to merely requiring additional work that could be accounted for in the reasonable hours billed).

### b. The Evidence Proffered by the Parties

To support Plaintiffs' claim that their lawyers' rates align with prevailing market rates, Plaintiffs provided a Declaration from experienced special education law attorney Joseph Fein that states that the rates requested by Plaintiff "are reasonable." (ECF 35, Fein Decl. ¶ 9.) This Court has previously reviewed similar declarations and affidavits from IDEA attorneys and held that they should be afforded limited weight. *See L.C. v. N.Y.C. Dep't of Educ.*, No. 21-CV-1250 (VSB), 2025 WL 19850, at *5 (S.D.N.Y. Jan. 2, 2025) ("Courts tend to be suspicious of declarations from IDEA attorneys that purport to establish the prevailing market rates."); *C.B. v. N.Y.C. Dep't of Educ.*, No. 18-CV-7337 (CM), 2019 WL 3162177, at *5 (S.D.N.Y. July 2, 2019) (noting that "past

district courts . . . have decided not to rely too heavily [on these kinds of] affidavits, since they may only provide isolated examples of billing rates of a few lawyers, may leave out context that rationalizes the rates billed, and may even list rates that are not in practice ever paid by reasonable, paying clients"); *H.C. v. N.Y.C. Dep't of Educ.*, No. 20-CV-0844 (JLC), 2021 WL 2471195, at *5 n.5 (S.D.N.Y. June 17, 2021) ("Plaintiffs submit several affidavits from other attorneys that purport to establish the prevailing market rates for attorneys practicing special education law in this District. Courts in this District have determined that these types of affidavits are of limited value if they do not also provide the context necessary to properly apply the *Johnson* factors."), *aff'd*, *H.C. v. N.Y.C. Dep't of Educ.*, 71 F.4th 120 (2d Cir. 2023); *R.G. v. N.Y.C. Dep't of Educ.*, No. 18-CV-6851 (VEC), 2019 WL 4735050, at *3 n.4 (S.D.N.Y. Sept. 26, 2019) ("Plaintiff has also submitted multiple declarations containing rates billed by other IDEA practitioners. Although somewhat relevant, the Court does not find such declarations especially helpful absent context necessary to apply the *Johnson* factors."). Therefore, in line with this Court's prior rulings, I respectfully recommend that Your Honor should grant limited weight to the Fein Declaration.

> c. *The Experience of the Attorneys,*
> *Their Customary Hourly Rates, and Fees Awarded in Similar Cases*

> i.  Adam Dayan

Plaintiffs request that the Court award $495 per hour for all work done by Adam Dayan. (*See* ECF 33, Dayan Decl. ¶ 19.) Dayan notes that $495 was his hourly rate at the time Plaintiffs retained him and that his current hourly rate is $600. (*See id.*) Plaintiffs claim that this rate is

comparable to that of similar New York attorneys who practice special education law. (*See id.*) Defendant requests that Dayan's hourly rate be reduced to $375. (*See* ECF 39, Def.'s Opp. at 3.)

Dayan is an experienced special education litigator who has practiced in that area since 2009, when he founded a law firm specializing in special education litigation. (*See* ECF 33, Dayan Decl. ¶¶ 15-18.) While Dayan frequently engages in motion practice in this Court, it does not appear that any federal court in this District has previously ruled on an appropriate hourly rate for him. However, Courts in this District faced with fee applications from similarly experienced attorneys have assigned hourly rates between $375 and $425. *See, e.g., J.G. v. N.Y.C. Dep't of Educ.*, 719 F. Supp. 3d 293, 308-09 (S.D.N.Y. 2024) (assigning a rate of $400 per hour for experienced special education attorneys); *T.A. v. N.Y.C. Dep't of Educ.*, No. 21-CV-7104 (GHW), 2022 WL 3577885, at *5 (S.D.N.Y. Aug. 19, 2022) (awarding $375 per hour for an experienced special education attorney); *N.G. v. N.Y.C. Dep't of Educ.*, No. 21-CV-8488 (PGG) (JLC), 2024 WL 133615, at *4 (S.D.N.Y. Jan. 12, 2024) (awarding $425 per hour for an experienced special education attorney). Considering awards in similar cases, the difficulty of the questions presented in this matter, other *Johnson* factors, and the case law, as well as the significant delay in payment due to the stays in this case, I respectfully recommend an hourly rate of $450 as reasonable for Dayan for the administrative proceedings.

ii.   Dominic Buchmiller

Plaintiffs request that the Court award $325 per hour for Dominic Buchmiller. (*See* ECF 33, Dayan Decl. ¶ 21.) Defendant requests that Buchmiller's hourly rate be reduced to $200 (*See* ECF 39, Def.'s Opp. at 3.) Buchmiller has practiced special education law since 2022 and other types of litigation since 2018. (*See* ECF 32, Buchmiller Decl. ¶¶ 3-5.) Buchmiller was the lead

attorney on the administrative matter. (*Id.* ¶ 1; ECF 49-1, Dayan Firm Invoice at 28.) He also

billed a small amount of time to this matter. (*See* ECF 49-1, Dayan Firm Invoice at 26.)

Courts in this District have recently awarded similarly experienced attorneys lower rates

than the rate requested here. *See, e.g., J.G.*, 719 F. Supp. 3d at 309 (awarding $250 per hour in

an IDEA fee action for an attorney with about three years of relevant experience); *S.B. v. N.Y.C.

Dep't of Educ.,* No. 23-CV-3961 (PAE), 2024 WL 1406559, at *7 (S.D.N.Y. Apr. 2, 2024) (awarding

$240 per hour award for a lawyer with about three years of relevant experience); *C.D.*, 2018 WL

3769972, at *7 (S.D.N.Y. Aug. 9, 2018) ("For associates with three or fewer years of experience in

such [IDEA fee] litigation, courts in this District have typically approved rates of $150-$275.").

This applies to attorneys with years of experience prior to working on IDEA litigation. *See, e.g.*,

*H.C.*, 2021 WL 2471195, at *6 (awarding $200 per hour to an attorney who had three years of

IDEA litigation experience and had practiced general litigation for nine years prior); *S.J. v. N.Y.C.

Dep't of Educ.*, No. 20-CV-1922 (LGS) (SDA), 2020 WL 6151112, at *4-5 (S.D.N.Y. Oct. 20, 2020)

(awarding $200 per hour to an attorney who had fewer than three years of IDEA litigation

experience and had previously practiced general litigation). Considering awards in similar cases,

the difficulty of the legal questions in this matter, other *Johnson* factors, and the case law, as

well as the delay in payment due to the stays in this case, I respectfully recommend an hourly

rate of $275 as reasonable for Buchmiller in the administrative action. I respectfully recommend

an hourly rate of $200 a reasonable for Buchmiller in this action. *See K.K. v. N.Y.C. Dep't of Educ.*,

No. 23-CV-4430 (JMF) (VF), 2024 WL 4203783, at *8, *13 (S.D.N.Y. Aug. 22, 2024) (reducing a

junior associate's requested hourly rate to $200 for work performed in the federal fees

16

litigation), *report and recommendation adopted*, 2024 WL 4203251 (S.D.N.Y. Sept. 16, 2024);

*C.B.*, 2019 WL 3162177, at *2, *8-9 (same).

### iii.  Leah Rosner

Plaintiffs request that the Court award $125 per hour for paralegal work through April

2023, $150 per hour from May 2023 through March 2024, $175 per hour from April 2024

through September 3, 2024, and $200 per hour for all work thereafter. (*See* ECF 33, Dayan Decl.

¶ 25.) Leah Rosner was hired by the Dayan Firm in 2021 as a litigation paralegal and is a senior

paralegal at the firm. (*See id.* ¶¶ 22, 24.) Defendant requests that Rosner's hourly rate be

reduced to $100 for all work. (*See* ECF 39, Def.'s Opp. at 3.)

Courts in this District regularly award hourly rates between $100 and $125 for paralegals

in similar IDEA matters. *See J.G.*, 719 F. Supp. 3d at 310-11 (awarding $125 per hour to paralegal

with "more than entry-level qualifications"); *L.L. v. N.Y.C. Dep't of Educ.*, No. 20-CV-2515 (JPO),

2022 WL 392912, at *4 (S.D.N.Y. Feb. 9, 2022) (awarding $100 per hour to paralegals), *aff'd sub*

*nom. H.C. v. N.Y.C. Dep't of Educ.*, 71 F.4th 120 (2d Cir. 2023). Considering awards in similar

cases, the difficulty of the legal questions and procedure in this matter, other *Johnson* factors,

and the case law, I respectfully recommend an hourly rate of $125 as reasonable for Leah

Rosner.

### iv.  Zoe Leid

Plaintiffs seek an hourly rate of $225 for Zoe Leid. (*See* ECF 33, Dayan Decl. ¶ 26.) At the

time of her work on this matter, Leid was a law clerk awaiting admission to the New York State

Bar. (*See id.*) Defendant does not request an hourly rate for Zoe Leid; Defendant's position is

that Plaintiffs should not recover for work performed in this action, or alternatively, for any

work performed after Defendant's October 24, 2024 settlement offer, either of which would exclude all of Leid's time entries. (*See* ECF 39, Def.'s Opp. at 2-3; ECF 49-1, Dayan Firm Invoice at 26-28.)

Junior associates in IDEA litigation in this District are typically awarded hourly rates of $150 to $275. *See J.G.*, 719 F. Supp. 3d at 309 ("For associates with three or fewer years of experience in such [IDEA fee] litigation, courts in this District have typically approved rates of $150-$275."); *C.D.*, 2018 WL 3769972, at *7 (same). However, Courts in this District have found an hourly rate of $150 to be appropriate for work performed as a firm law clerk. *See, e.g.*, *A.S. ex rel. T.B. v. N.Y.C. Dep't of Educ.*, No. 23-CV-4580 (JPC), 2024 WL 4354894, at *7 (S.D.N.Y. Sept. 30, 2024) (awarding $150 per hour to a law clerk); *H.W. v. N.Y.C. Dep't of Educ.*, No. 22-CV-3282 (JGK) (KHP), 2023 WL 6545461, at *6 (S.D.N.Y. July 10, 2023) (awarding $150 per hour to attorney for work performed as a firm law clerk), *report and recommendation adopted*, 2023 WL 5846608 (S.D.N.Y. Sept. 8, 2023). Leid's work on this matter was prior to her admission to the bar. Accordingly, I respectfully recommend an hourly rate of $150 as reasonable for Leid.

> v.   Shira J. Biegacz

Plaintiffs request that the Court award $400 per hour for legal work and $250 for administrative work conducted by Shira J. Biegacz. (*See* ECF 38, First Biegacz Decl. ¶ 17; ECF 36, Pls.' SJ. Mem. at 11.)[4] Defendant requests that the Court reduce Biegacz's hourly rate to $200

---

[4]    In Plaintiffs' reply memorandum in further support of their summary judgment motion, they request two different hourly rates for Biegacz's legal work for work during the same period – Biegacz's charged a $400 or a $375 hourly rate with no further reductions to Biegacz's billed hours. (*See* ECF 47, Pls.' Reply Mem. at 6.) As explained below I am reducing the hours Biegacz billed in this action, therefore I refer to the $400 hourly rate as the requested rate for Biegacz's legal work.

for legal work and $125 for administrative work. (*See* ECF 39, Def.'s Opp. at 4.) Biegacz has been

a civil/commercial and judgment enforcement litigator since 2009 and has focused on federal

litigation at various points in her career. (*See* ECF 38, First Biegacz Decl. ¶¶ 4-9.) In September

2022, Biegacz began representing Dayan Firm clients in federal fee claims actions. (*See id.* ¶ 19.)

Biegacz was the primary attorney on this action; she did not work on the administrative action.

Because Biegacz worked only on this "simple and straightforward" fee action, an hourly

rate of $200 for legal work and $125 for administrative work is reasonable. *See K.K.*, 2024 WL

4203783, at *8, *13; *C.B.*, 2019 WL 3162177, at *2, *8-9 (same).

Considering awards in similar cases, the difficulty of the legal questions in this matter,

other *Johnson* factors, and the case law, I respectfully recommend an hourly rate of $200 as

reasonable for legal work and an hourly rate of $125 for administrative work by Biegacz.

> vi.  Amled Perez, Kelly Bronner, Kaitlyn P. Boeckel,
>      Michelle Dominguez, Stephanie Norman, and Jehan Worthy

Plaintiffs do not request specific hourly rates for several timekeepers: senior associate

Amled Perez, who charged $395; attorney Kelly Bronner, who charged $295; senior paralegal

Kaitlyn P. Boeckel, who charged $125 for one time entry in 2023 for the administrative

proceeding and charged $150 for all work in this action; paralegals Michelle Dominguez and

Stephanie Norman, who both charged $125; and law clerk Jehan Worthy, who charged $225.

(*See* ECF 49-1, Dayan Firm Invoice.) Plaintiffs do not make any representations as to the

qualifications or work conducted by these timekeepers. When plaintiffs have failed to disclose

the qualifications for certain timekeepers, Courts in this District have awarded hourly rates at or

near the low end for such timekeepers' positions. *See J.G.*, 719 F. Supp. 3d at 311 ("When

[evidence of attorneys' and paralegals' relevant qualifications and experience] has not been

19

provided, courts typically award fees at the bottom of the customary fee range."); *H.W. v. N.Y.C. Dep't of Educ.*, No. 21-CV-8604 (JLR), 2023 WL 5529932, at *9 (S.D.N.Y. Aug. 28, 2023) (awarding an hourly rate at the low end of the range for paralegals because the plaintiffs did not provide "any substantive information about the [paralegals'] experience or qualifications"); *M.M. v. N.Y.C. Dep't of Educ.*, No. 20-CV-6915 (ER), 2022 WL 3043218, at *9 (S.D.N.Y.  Aug. 2, 2022) (awarding attorney an hourly rate at the low end of the range for "midlevel and junior associates" because "no significant evidence was introduced regarding [the attorney's] qualifications or experience").

Accordingly, I respectfully recommend the following as reasonable hourly rates for these timekeepers: a $290 hourly rate for Perez and Bronner, *see A.S.*, 2024 WL 4354894, at *7 ("[R]ates between $290 and $325 for mid-level to senior associates and their staff attorney counterparts in nonprofit legal organizations [are] in line with recent awards in similarly lightly contested cases, particularly when adjusted for inflation."); a $120 hourly rate for Boeckel, and a $100 hourly rate for Dominguez and Norman, *see H.W.*, 2023 WL 5529932, at *9 ("Generally, in this District, paralegals receive rates of $100 to $125 an hour, and with evidence of specialized qualifications typically receive $120- or $125-per-hour."); a $150 hourly rate for Worthy, *see A.S.*, 2024 WL 4354894, at *7 ("The Court finds a $150 hourly rate for [the firm's law clerk] reasonable, as it is consistent with the hourly rate awarded by other courts in this district to law clerks or attorneys not yet admitted to the bar.").

2.  Reasonable Hours Expended

Attorneys from the Dayan Firm billed 90.9 hours on the administrative proceeding and 14 hours on this action. (*See* ECF 49-1, Dayan Firm Invoice.)[5] Paralegals from the Dayan Firm billed 38.9 hours on the administrative case and 11.6 hours on this action. (*See id.*) Biegacz, an attorney from Sacco & Fillas, worked on this action and billed 41.2 hours for that work. (*See* ECF 33-8, First Sacco & Fillas Invoice at 2; ECF 50-1, Second Sacco & Fillas Invoice at 2.)

Defendant argues that the time records reflect excessive billing and seeks: (1) a 25% across-the-board reduction in time billed for the administrative case, (2) a 10% across-the-board reduction in time billed for this action by the Dayan Firm; and (3) a 50% across-the-board reduction in time billed for this action by Sacco & Fillas. (*See* ECF 39, Def.'s Opp. at 3-4.) Plaintiffs counter that a reduction is not warranted based on the *Johnson* factors. (*See* ECF 47, Pls.' Reply Mem. at 4, 8-13.)

When determining the number of reasonable hours expended, "the district court may exclude hours that are excessive, redundant, or otherwise unnecessary." *H.C.*, 71 F.4th at 126. The "court also has discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application." *Id*. However, the fee determination should not lead to a second major litigation and, as Justice Kagan explained, "trial

---

[5]    The Dayan Firm initially submitted two separate invoices for work performed for the administrative proceeding and for this action. (*See* ECF 33, Dayan Decl. at 3.) The Dayan Firm's most recent invoice (ECF 49-1) includes work performed for both the administrative proceeding and this action; adds new time entries, such as those related to Plaintiffs' reply in support of the summary judgment motion; and does not separate the time entries that apply to the administrative proceeding from those that apply to this action. (*See* ECF 49-1, Dayan Firm Invoice.) Therefore, I separated the entries for the administrative proceeding and for this action by referring to the Dayan Firm's initial invoices (ECF 33-6 and ECF 33-7), and for any new entries, I referred to the time entries' descriptions (ECF 49-1).

courts need not, and indeed should not, become green-eyeshade accountants." *Fox v. Vice*, 563

U.S. 826, 838 (2011) (explaining that district courts "may take into account their overall sense of

a suit, and may use estimates in calculating and allocating an attorney's time").

### a. *Administrative Proceedings*

Plaintiffs seek compensation for 90.9 hours of work performed for the administrative

proceeding. (*See* ECF 49-1, Dayan Firm Invoice.) Plaintiffs argue that the administrative

proceeding was complicated by both I.A.'s age and Defendant's lack of participation in the

administrative process. (*See* ECF 36, Pls.' SJ. Mem. at 13; ECF 47, Pls.' Reply Mem. at 10.) In

response to Defendant's argument that this was not a highly contested administrative

proceeding, Plaintiffs explain that Defendant's lack of participation in the administrative hearing

"actually created more work" for Plaintiffs. (ECF 47, Pls.' Reply Mem. at 10-11.) Plaintiffs

describe this extra work as necessary to ensure they met their burden and created an adequate

record that demonstrated I.A.'s educational needs. (*See id.*) Plaintiffs also point out that

Defendant never communicated its decision not to participate in the hearing to Plaintiffs. (*See*

ECF 47, Pls.' Reply Mem. at 11.)

Plaintiffs are correct that I.A.'s age and his transition between pre-school and elementary

school created extra work for counsel during the administrative hearing process. Plaintiffs are

also correct that Defendant's lack of participation in the administrative hearing process

necessitated extra preparation by their lawyers. However, the relief sought – requests for

findings that the child had not been provided with a FAPE, that the E.F.A.'s unilateral placement

of I.A. be approved and paid for, reimbursement for the I.A.'s neuropsychological evaluation,

enhanced and funded afterschool instruction, a 12-month school year, and school

transportation reimbursement and funding – was relatively straightforward. *See S.B.*, 2024 WL 1406559, at *1, *8 (describing the drafting and editing of a due process complaint seeking similar relief as "routine" and "a relatively rote task"). The straightforward nature of the relief counsels some reduction in the hours billed.

This Court often applies a reduction of 20 to 25% in IDEA fee application cases. However, most IDEA fee application cases litigated in this Court are brought by a single firm, the Cuddy Law Firm, which had no involvement in this matter. *See H.A. v. N.Y.C. Dep't of Educ.*, No. 20-CV-10785 (PAE), 2022 WL 580772, at *10 (S.D.N.Y. Feb. 25, 2022) (20% reduction for Cuddy Law Firm on administrative proceedings); *S.B.*, 2024 WL 1406559, at *9 (same); *K.K.*, 2024 WL 4203783, *11 (same); *G.R. v. N.Y.C. Dep't of Educ.*, No. 23-CV-3948 (DEH), 2024 WL 3534406, at *7 (S.D.N.Y. July 25, 2024) (25% reduction for Cuddy Law Firm on administrative proceedings). Most of the cases cited by Defendant to support its requested 25% reduction in hours were brought by the Cuddy Law Firm. (*See* ECF 39, Def.'s Opp. at 16 (citing, among other Cuddy Law Firm cases, *D.S. v. N.Y.C. Dep't of Educ.*, No. 22-CV-10641 (GHW) (RFT), 2024 WL 2159785, at *10 (S.D.N.Y. Apr. 29, 2024), *report and recommendation adopted*, 2024 WL 2158583 (S.D.N.Y. May 14, 2024) and *K.E. v. N.Y.C. Dep't of Educ.*, No. 21-CV-2815 (KPF), 2022 WL 4448655, at *15 (S.D.N.Y. Sept. 23, 2022), *aff'd sub nom. Y.G. v. N.Y.C. Dep't of Educ.*, No. 22-1184, 2025 WL 2080218 (2d Cir. July 24, 2025)).) The reductions in hours in Cuddy Law Firm cases were based on overbilling and double billing practices by that firm; counsel's invoices here reflect no such overbilling or double billing. *See, e.g., K.K.,* 2024 WL 4203783, at *9-10 (discussing excessive billing by the Cuddy Law Firm as justifying a reduction in hours); *G.R.*, 2024 WL 3534406, at *6-7 (same).

Defendant does cite two cases that were not brought by the Cuddy Law Firm, *C.L. v. New York City Department of Education* and *A.D. v. New York City Department of Education*, and in both cases this Court reduced the hours billed for the administrative proceeding. *See C.L. v. N.Y.C. Dep't of Educ.*, No. 21-CV-7094 (RA), 2022 WL 4585583, at *7 (S.D.N.Y. Sept. 29, 2022), *modified on reconsideration sub nom. C.L. ex rel. C.L.G. v. N.Y.C. Dep't of Educ.*, No. 21-CV-7094 (RA), 2022 WL 17156715 (S.D.N.Y. Nov. 22, 2022) (20% reduction in hours billed for administrative proceeding); *A.D. v. N.Y.C. Dep't of Educ.*, No. 18-CV-3347 (VEC), 2019 WL 1292432, at *5-8 (S.D.N.Y. Mar. 21, 2019) (substantially reducing the hours billed for individual instances of excessive billing (a) by attorneys performing clerical work and (b) on certain tasks should have taken less time).

I have elected to recommend an across-the-board reduction in billed time, and so the analysis in *A.D.* is not entirely on point. However, the reasoning in *C.L.* is instructive. There, the Court ordered a 20% reduction in billed time in part because counsel "repeatedly billed in 0.1 increments for tasks that should not have taken more than several moments," totaling 7.7 hours in the administrative proceeding. 2022 WL 4585583, at *5. Counsel here also billed for activities in the administrative proceeding that should have taken moments, such as reviewing and responding to emails, which led to over 15 hours of billed time due to 0.1-hour time entries. (*See* ECF 49-1, Dayan Firm Invoice.)[6]

---

[6]    I also note that one paralegal's billing entry on November 27, 2023 for 0.1 hours states "omit" in its description, which may suggest it should not have been included in the bill. (*See* ECF 49-1, Dayan Firm Invoice at 19.)

Based on my careful review of counsel's billing records, I conclude that a 15% reduction of hours billed for the administrative proceeding is appropriate and will achieve "rough justice." *See C.L.*, 2022 WL 17156715, at *6. Accordingly, for the administrative hearing, the adjusted total fees are $16,298.33, as seen in the chart below.[7]

---

[7]    The hourly rates are taken from the Dayan Declaration (ECF 33, Dayan Decl.) and Plaintiffs' counsel's invoices (ECF 33-8, First Sacco & Fillas Invoice; ECF 49-1, Dayan Firm Invoice; ECF 50-1, Second Sacco & Fillas Invoice). Plaintiffs request $325.00 per hour for Mr. Buchmiller in the Dayan Declaration, and $350.00 per hour for him in their Memorandum of Law. (*See* ECF 33, Dayan Decl. ¶ 21; ECF 36, Pls.' SJ. Mem. at 9.) My calculations use the lower requested rate.

| Administrative Action | | | | | | |
|---|---|---|---|---|---|---|
| Timekeeper and Position | Requested Hourly Rate | Number of Hours Billed | Requested Total Fees | Adjusted Hourly Rate | Adjusted Hours (-15%)[8] | Adjusted Total Fees |
| Adam Dayan (Attorney) | $495.00 | 0.1 | $49.50 | $450.00 | 0.1 | $38.25 |
| Dominic Buchmiller (Attorney) - Before Nov. 1, 2024 | $325.00 | 50.8 | $16,510.00 | $275.00 | 43.2 | $11,874.50 |
| Leah Rosner (Paralegal) - Before May 23, 2023[9] | $125.00 | 9.8 | $1,225.00 | $125.00 | 8.3 | $1,041.25 |
| Leah Rosner (Paralegal) - May 23, 2023 to Mar. 28, 2024 | $150.00 | 28.6 | $4,290.00 | $125.00 | 24.3 | $3,038.75 |
| Leah Rosner (Paralegal) - After Sept. 3, 2024 | $200.00 | 0.1 | $20.00 | $125.00 | 0.1 | $10.63 |
| Amled Perez (Attorney) | $395.00 | 0.9 | $355.50 | $290.00 | 0.8 | $221.85 |
| Kelly Bronner (Attorney) | $295.00 | 0.1 | $29.50 | $290.00 | 0.1 | $24.65 |
| Kaitlyn P. Boeckel (Paralegal) | $125.00 | 0.1 | $12.50 | $120.00 | 0.1 | $10.20 |
| Michelle Dominguez (Paralegal) | $125.00 | 0.2 | $25.00 | $100.00 | 0.2 | $17.00 |
| Stephanie Norman (Paralegal) | $125.00 | 0.1 | $12.50 | $100.00 | 0.1 | $8.50 |
| Jehan Worthy (Law Clerk) | $225.00 | 0.1 | $22.50 | $150.00 | 0.1 | $12.75 |
| Total | | 90.9 | $22,552.00 | | 77.3 | $16,298.33 |

---

[8]    The adjusted hours that appear this chart and the one that follows are rounded to the nearest tenth of an hour. For example, the adjusted hours for Buchmiller are listed as 43.2, rounded from 43.18 (50.8*85%).

[9]    Plaintiffs request that the Court award $125 per hour for Rosner's work through April 2023, and $150 per hour for Rosner's work from May 2023 through March 2024. (ECF 33, Dayan Decl. ¶ 25.) Rosner billed five time entries in May 2023 at $125 per hour and billed the rest of her time entries that month at $150. (ECF 49-1, Dayan Firm Invoice at 6-7.) Although Plaintiffs explain that Rosner's billing rate changed because she received raises, this does not explain why the Court should award a higher rate for work comparable to work billed at $125 per hour.

b.  *Federal Litigation*

Counsel billed for 55.2 hours of work on this matter. (*See* ECF 33-8, First Sacco & Fillas Invoice at 2; ECF 49-1, Dayan Firm Invoice at 28; ECF 50-1, Second Sacco & Fillas Invoice at 2.) This amount of time is excessive. It should not have taken counsel more than 40 hours to litigate this fee application. *See, e.g., B.B. v. N.Y.C. Dep't of Educ.*, No. 17-CV-4255 (VEC) (SDA), 2018 WL 1229732, at *3 (S.D.N.Y. Mar. 8, 2018) ("[A] competent attorney should not have needed more than 40 hours to litigate this fee petition. The legal basis for fee petitions is well-plowed acreage, leaving the task of the attorney to marshal the facts to support the number of hours expended on the underlying matter."). Therefore, I respectfully recommend an across-the-board 25% reduction in hours billed in this action. As a result, for this action, the adjusted fees total $7,401.38, as seen on the chart below.

| Federal Action | | | | | | |
|---|---|---|---|---|---|---|
| Timekeeper and Position | Requested Hourly Rate | Number of Hours Billed | Requested Total Fees | Adjusted Hourly Rate | Adjusted Hours (-25%) | Adjusted Total Fees |
| Shira Biegacz (Attorney)/legal work | $400.00 | 38.4 | $15,360.00 | $200.00 | 28.8 | $5,760.00 |
| Shira Biegacz (Attorney)/clerical work | $250.00 | 2.8 | $700.00 | $125.00 | 2.1 | $262.50 |
| Dominic Buchmiller (Attorney) - Nov. 1, 2024 | $325.00 | 0.3 | $97.50 | $200.00 | 0.2 | $45.00 |
| Leah Rosner (Paralegal) - May 23, 2023 to Mar. 28, 2024 | $150.00 | 3.1 | $465.00 | $125.00 | 2.3 | $290.63 |
| Leah Rosner (Paralegal) - Apr. 29, 2024 to Sept. 3, 2024 | $175.00 | 1.7 | $297.50 | $125.00 | 1.3 | $159.38 |
| Leah Rosner (Paralegal) - After Sept. 3, 2024 | $200.00 | 5.9 | $1,180.00 | $125.00 | 4.4 | $553.13 |
| Zoe Leid (Law Clerk) | $225.00 | 2.7 | $607.50 | $150.00 | 2.0 | $303.75 |
| Kaitlyn P. Boeckel (Paralegal) - After Sept. 22, 2023 | $150.00 | 0.3 | $45.00 | $120.00 | 0.2 | $27.00 |
| Total | | 55.2 | $18,752.50 | | 41.4 | $7,401.38 |

3.  Costs

"A district court may award reasonable costs to the prevailing party in IDEA cases." *C.D.*, 2018 WL 3769972, at *12 (citing 20 U.S.C. § 1415(i)(3)(B)(i)(1)). Plaintiffs seek $905 in costs for this action, consisting of two one-time expenses of $405 and $500. (ECF 49-1, Dayan Firm Invoice at 23, 27.) The $405 expense is presumably for the filing fee, and Defendant does not object to reimbursement for this fee. (ECF 39, Def.'s Opp. at 3.)[10] For the $500 expense, neither the Dayan Firm's invoice nor any of Plaintiffs' filings clearly explain the purpose of this expense or why the expense is reasonable. The Dayan Firm's invoice simply describes the expense as a "[t]est retainer expense." (*Id.* at 27.) Based on the information Plaintiffs provided, I cannot conclude that the $500 expense is reasonable. *See R.G.*, 2019 WL 4735050, at *3 (finding that the plaintiff's request for $16 in fax costs was unreasonable because the plaintiff "made no showing why communicating via fax [was] necessary or appropriate" in light of alternatives). Therefore, I respectfully recommend that Your Honor should award Plaintiffs costs in the amount of $405.

4.  IDEA Fee Cap

Defendant claims that the IDEA fee cap is applicable in this case as of service of its settlement offer of $17,500 on October 24, 2024. (*See* ECF 39, Def.'s Mem. at 5-6; ECF 41-1, Settlement Offer.) The IDEA provides that "[a]ttorneys' fees may not be awarded and related

---

[10]    Plaintiffs do not include any description of the $405 expense; however, the expense was incurred on March 4, 2024, which is the date that this action was filed with this Court. (*See* ECF 49-1, Dayan Firm Invoice at 23; *see also* ECF 1, Compl.) This Court's filing fee is $405, and this Court may take judicial notice of payment of filing fees. *See Alston as Tr. of Loc. 272 Lab.-Mgmt. Fund v. Select Garages, LLC*, No. 24-CV-5439 (DEH) (SLC), 2025 WL 472581, at *9 (S.D.N.Y. Jan. 21, 2025), *report and recommendation adopted*, 2025 WL 580275 (S.D.N.Y. Feb. 21, 2025).

costs may not be reimbursed in any action or proceeding under this section for services performed subsequent to the time of a written offer of settlement to a parent if . . . the court or administrative hearing officer finds that the relief finally obtained by the parents is not more favorable to the parents than the offer of settlement." 20 U.S.C. § 1415(i)(3)(D)(i)(III). Therefore, "a plaintiff may not recover fees or costs for services performed after receipt of a written offer of settlement that exceeds the relief awarded [by the Court]." *S.F. v. N.Y.C. Dep't of Educ.*, No. 21-CV-11147 (PAE), 2023 WL 4531187, at *13 n.15 (S.D.N.Y. July 13, 2023).

On October 24, 2024, Defendant made a settlement offer to Plaintiffs of $17,500. Defendant argues that the IDEA's fee cap should apply if the Court finds that Plaintiff was entitled to an award of less than $17,500 as of the date of the settlement offer. (*See* ECF 39, Def.'s Mem. at 2, 5-6.) Plaintiffs counter that they were "substantially justified" in rejecting Defendant's settlement offer because, among other reasons, Plaintiffs' fees and costs had already exceeded Defendant's offer. (*See* ECF 47, Pls.' Reply Mem. at 1-3.) Defendant responds that that the settlement offer "exceeded the reasonable amount" Plaintiffs' counsel should have billed up to that point (*See* ECF 39, Def.'s Mem. at 5-6.)

I conclude that the fee cap should not apply to Plaintiffs' fees, because the "relief obtained for pre-Offer attorneys' fees . . . is more favorable than the amount offered by [Defendant] for the same period." *J.A. v. N.Y.C. Dep't of Educ.*, No. 22-CV-9454 (VEC), 2023 WL 7273742, at *3 (S.D.N.Y. Nov. 3, 2023).

As of October 24, 2024, Plaintiffs would have been entitled to $16,274.95 in fees for work on the administrative proceeding. As of that date, Plaintiffs' counsel had already started to work on this action and would have been entitled to $1,856.25. The combined amount of

$18,131.20 is higher than the settlement offer of $17,500, and so the fee cap does not apply.

Therefore, Plaintiff can recover for fees and costs incurred after the date of the settlement offer.

### 5. Post-Judgment Interest

Plaintiffs also seek post-judgment interest pursuant to 28 U.S.C. § 1961. (*See* 36, Pls.' SJ.

Mem. at 15.) Plaintiffs' request for post-judgment interest should be granted because "the

award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is

entered." *S.J. v. N.Y.C. Dep't of Educ.*, No. 20-CV-1922 (LGS), 2021 WL 100501, at *5 (S.D.N.Y. Jan.

12, 2021).

### **CONCLUSION**

For the reasons set forth above, I respectfully recommend that Plaintiffs' summary

judgment motion should be GRANTED IN PART, in Plaintiffs should be awarded reasonable

attorneys' fees of $23,699.70, consisting of $16,298.33 for fees in the administrative action and

$7,401.38 for fees in this action, plus $405 in costs, and plus post-judgment interest.

Dated: January 2, 2026
New York, New York

Respectfully Submitted,

**ROBYN F. TANOFSKY**
**United States Magistrate Judge**

30

**<u>NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO REPORT AND RECOMMENDATION</u>**

The parties shall have fourteen days (including weekends and holidays) from service of this report and recommendation to file written objections to this report and recommendation pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2). Such objections, and any responses to objections, shall be filed with the Clerk of the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Requests for extensions of time for filing objections and responses to objections must be addressed Judge Vargas.

**FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). *See Thomas v. Arn*, 474 U.S. 140 (1985); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).

31