UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
                                                    :
E.F.A. et al.,                                      :
                                                    :
                                  Plaintiffs,       :        24-CV-1628 (JAV) (RFT)
                                                    :
          -v-                                       :        MEMORANDUM
                                                    :        OPINION AND ORDER
NEW YORK CITY DEPARTMENT OF                         :
EDUCATION,                                          :
                                                    :
                                  Defendant.        X
---------------------------------------------------------------------

JEANNETTE A. VARGAS, United States District Judge:

The instant action was brought pursuant to the fee-shifting provisions of the

Individuals with Disabilities Education Act ("IDEA"), seeking attorney's fees and

costs for work performed in connection with administrative proceedings brought

under IDEAf or the 2022-23 school year, as well as the costs for litigating the

instant fee action.  Plaintiffs filed a motion for summary judgment, seeking

$22,507.00 in fees related to the administrative proceedings, and $15,577.50 in fees

arising from the instant action.  ECF No. 36.

The motion for summary judgment was referred to Magistrate Judge Robyn

F. Tanofsky for a Report and Recommendation.  ECF No. 8.  On January 2, 2026,

the Magistrate Judge issued a Report and Recommendation recommending that the

motion for summary judgment be granted in part and denied in part.  ECF No. 61

(the "R&R").  The R&R determined that an award of $16,298.33 in attorneys' fees

was appropriate for the work done in connection with the administrative

proceeding, and $7,401.38 in fees was reasonable for the federal suit.  R&R at 11-29.

Plaintiffs timely objected to the R&R on the ground that it improperly reduced the hourly rate of the senior attorney  who worked on the federal fee suit. ECF No. 64 ("Pl. Obj.").  Defendant has not objected to any aspect of the R&R.  For the reasons that follow, the R&R is ADOPTED in full, Plaintiffs' objections to the R&R are OVERRULED, and Plaintiffs' motion for summary judgment is GRANTED IN PART AND DENIED IN PART.

## LEGAL STANDARDS

When reviewing a magistrate judge's R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C); *New York City Dist. Council of Carpenters Pension Fund v. Forde*, 341 F. Supp. 3d 334, 336 (S.D.N.Y. 2018) (internal citations omitted).  After a party submits a timely objection, the district court reviews *de novo* the portions of the R&R to which the party objected.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).  For the portions of the R&R to which no objection is made, the district court need only review for clear error.  *See Fischer v. Forrest*, 286 F. Supp. 3d 590, 600 (S.D.N.Y. 2018), *aff'd*, 968 F.3d 216 (2d Cir. 2020).

## DISCUSSION

Upon conducting a *de novo* review of the portions of the R&R to which Plaintiffs have objected, the Court overrules such objections.  Any of Plaintiffs' objections not specifically addressed in this decision have been considered *de novo* and subsequently rejected.  As to the portions of the R&R to which no objections

2

were made, the Court has reviewed those sections and determined that they are not clearly erroneous.  The Court therefore adopts the R&R in its entirety.

Under the IDEA, an award of reasonable attorneys' fees to a prevailing party is based on "rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished."  20 U.S.C. § 1415(i)(3)(C).  A district court is tasked with determining the appropriate billable hours expended and setting a "reasonable hourly rate."  *Lilly v. City of New York*, 934 F.3d 222, 229-30 (2d Cir. 2019).  "A reasonable rate is one a reasonable, paying-per-hour client would pay for the same services rendered."  *J.G. v. New York City Dep't of Educ.*, 719 F. Supp. 3d 293, 301 (S.D.N.Y. 2024).  In determining reasonable hourly rates, courts look at the area of legal practice at issue, as well as the geographic location.  *Id.*  Courts also consider the so-called *Johnson* factors, which include:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* (citation omitted).

Plaintiffs requested an hourly rate of $400 per hour for counsel Shira Biegacz's work on the federal fee litigation.  Plaintiff objects to the R&R's reduction of her hourly rate to $200 per hour, arguing that recent cases have approved similar

rates for junior attorneys with minimal experience in the subject matter area, while her seventeen years of legal experience warrants a higher fee. Pl. Obj. at 3-5.

Yet years of experience are only one factor that the Court must consider at arriving at a reasonable hourly rate. Looking at the novelty and difficulty of the questions presented in this suit and the level of skill required, the Court concurs with the R&R that the work involved in this fee action was "simple and straightforward" and did not warrant a rate of more than $200 per hour. R&R at 19. For that reason, courts in this district have approved similar rates in federal fee suits for attorneys of comparable experience. *See, e.g.*, *J.A. v. New York City Dep't of Educ.*, 23-8547 (VEC) (RFT), 2026 U.S. Dist. LEXIS 23994 (S.D.N.Y. Feb. 5, 2026). Considering all the *Johnson* factors, the Court agrees that the "mechanistic process of preparing and defending a fee application" does not warrant the hourly rate sought by Plaintiffs. *S.F. v. New York City Dep't of Educ.*, No. 21 CIV. 11147 (PAE), 2023 WL 4531187, at *10 (S.D.N.Y. July 13, 2023)

## CONCLUSION

For the foregoing reasons, Plaintiffs' objections are OVERRULED, and the R&R is ADOPTED in full. The summary judgment motion is GRANTED IN PART, and Plaintiff is awarded $23,699.70 in attorneys' fees and costs, plus post-judgment interest pursuant to 28 U.S.C. § 1961. The Clerk of Court is directed to terminate

ECF No. 31, to enter judgment for Plaintiff consistent with this Order, and to close

the case.

      SO ORDERED.

Dated:  February 13, 2026
      New York, New York

                                JEANNETTE A. VARGAS
                            United States District Judge